ADOLFO LÓPEZ VIZARDEZ, Plaintiff and Appellant, *v.* EDUARDO L. SALDAÑA, ETC., Defendant and Appellee.

No. 9640.   Argued April 2, 1948.—Decided June 22, 1948.

898

*Benjamín Ortiz* and *Alvaro Ortiz* for appellant.  *Mc Connell & Valdés* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of San Juan rendered judgment herein granting the motion to dismiss filed by the defendant, because in its opinion the amended complaint did not adduce facts sufficient to constitute a cause of action.  The plaintiff appealed and alleges that the lower court committed four errors.  All four may be summarized into one, that is, the dismissal of the complaint.

The essential facts alleged in the amended complaint, supplemented by a copy of a contract are in brief as follows: that on September, 1945 plaintiff entered into a contract of hire of services with the defendant Eduardo L. Saldaña, doing business under the name of Eduardo L. Saldaña & Co., without a definite term, wherein it was stipulated that the plaintiff would earn a monthly salary of $130 and "the right to receive a share of the annual net profits," which "shall be determined according to the proportion of each dollar of his salary obtained by dividing the following percentages by the number of salaries paid" and different percentages are enumerated according to the department in which he worked; that he agreed to work for a probatory period of two months on the expiration of which the plaintiff would continue to work for the company provided his work were efficient and that his conduct within, and outside of, the organization were irreproachable; that on June, 1946 the defendant terminated the contract dismissing the plaintiff from his employment and the latter alleges that this removal was without just cause inasmuch as his work was efficient and his conduct within as well as outside of the organization was irreproachable; that due to this breach of contract on the part of the defendant, the plaintiff has suffered damages in the amount of $10,000 since by virtue thereof plaintiff has failed to receive emoluments and income for that amount.

Are the facts copied above sufficient to support the action brought? The first logical step is to determine which is the relationship between plaintiff and defendant inasmuch as appellant raises the question that by virtue of the contractual provision that he would have a share in the profits, he became a partner in the business.

The practice prevailing in commerce and in industry of granting to the employees a share in the profits is now widely used. Such a concession does not convert an employee into a partner in the business inasmuch as the relations of the members are determined by several factors and the existence

·of only one such factor, which is the participation in the distribution of the profits does not create said relation. This practice is nothing more·than a manner of compensating employees in order to encourage their initiative. In *General Bronze Corporation* v. *Schmeling et al.*, 250 N. W. 412, it was said on page 413 that: "This court can take notice of the fact that payment of portions of the net profits of.a business as added compensation or as a bonus is not regarded by the business world generally as inconsistent with a relationship of employer and employee. . ."

Indeed, the relationship between the parties in this case was that of employer and employee. On reading the contract we readily notice that it is without a definite term wherein the monthly salary to be paid as well as an added compensation of the net profits was stipulated. Since this is a month-to-month contract the employer was entitled to terminate it at the end of any month. *Padró* v. *Valdés*, 16 P.R.R. 309.

■ Notwithstanding this, pursuant to Act No. 84 of May 12, 1943 (Laws of 1943, page 196), to amend § 1 of Act No. 43 of April 23, 1930 (§ 1478 of the Civil Code): "Every employee of an ·industry or other lucrative business whose services are contracted for without a ·definite term, who is discharged without just cause, shall be entitled to receive as indemnity from his employer, in addition to such salary as he may have earned, one month's salary; *Provided,* That the provisions of this Act shall not be applicable to commercial shop-clerks or factors, to whom the provisions of the Code of Commerce shall apply." .The facts alleged disclose that plaintiff has a cause of action against the defendant consisting in the indemnity provided by Act No. 84, *supra,* if it is shown, as alleged, that he has been discharged without just cause. And is that all that plaintiff is entitled to receive? According to those same facts, we do not think so. He is also entitled to receive the proportionate part of the profits for the time during which he worked with the de-

fendant, according to the terms of the contract executed by both parties. Possibly exaggerating, plaintiff alleged that those "emoluments and income amounted to $10,000". Whatever the amount, it is a question to be determined by the court according to the evidence presented:

■ Appellee contends that the complaint is not sufficient, among other things, because it does not allege that appellant was discharged without a previous notice. We cannot agree. The provision contained in § 1478 of the Civil Code to the effect that an employee can not be discharged, not only without just cause, but also "without previous notice served at least fifteen days prior to the discharge", was stricken from Act No. 84, *supra*.

■■ For the purposes of the motion for dismissal, the facts alleged in a complaint must be accepted as true and since it was alleged in the instant case, supplemented by a contract of hire of services, that the defendant agreed to pay to the plaintiff $130 monthly, plus a certain percentage of the net profits of the business during the time he were employed and that the plaintiff was dismissed without just cause, the lower court erred in deciding that the amended complaint does not adduce facts sufficient to constitute a cause of action.

The judgment should be reversed and the case remanded to the lower court for further proceedings.

Mr. Justice De Jesús did not participate herein.